IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CIVIL ACTION NO. 10-0280-KD |
| v. | ) | |
| | ) | CRIMINAL ACTION NO. 05-267-KD-N |
| JAMES PATRICK PREYEAR, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |


REPORT AND RECOMMENDATION

Petitioner, James Preyear, has filed a Motion to Vacate, Set Aside or Correct Sentence (doc. 569) pursuant to 28 U.S.C. § 2255. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for preliminary proceedings and for preparation of a Report and Recommendation concerning the disposition of the Motion. Because the record indicated that the Motion was filed more than one year after the petitioner's conviction and sentence became final, by order (doc. 571) dated June 3, 2010, the undersigned *sua sponte*[1] raised the issue of the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1), and allowed petitioner an opportunity to address that issue. Petitioner filed a timely Response (doc. 575).

---

[1] Rule 4 of the Rules Governing Section 2255 Cases provides, in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Thus, a district court has the authority under this rule to dismiss frivolous habeas petitions prior to any answer by the United States. *See* Acosta v. Artuz, 221 F.3d 117, 123 (2nd Cir.2000) ("[T]he authority to raise [ ] procedural defenses sua sponte is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); s*ee also* Day v. McDonough, 547 U.S. 198, 209, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006) ( "[W]e hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition."); Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir.1999) (finding that a district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A).[2] He filed a direct appeal of his conviction and sentence, which was denied by the Eleventh Circuit as set forth in the mandate, issued January 18, 2008. Preyear did not Petition the Supreme Court for Writ of Certiorari within the 90 days allowed by Rule 13 of the Rules of the Supreme Court,[3] so his conviction became final on April 17, 2008. The habeas Motion was filed on June 1, 2010, and recites that it was signed on May 21, 2010; that latter date is the earliest date on which it could have been presented to prison authorities for mailing.

As noted in the prior order, petitioner's Motion appears to assert that, because his sentence was modified under 18 U.S.C. § 3582(c)(2), (doc. 535) his one-year period should be restarted from the date that order was entered, August 4, 2009. While petitioner has not renewed that argument in responding to the statute of limitations issue, the undersigned nonetheless addresses that claim. As previously explained in the court's order of June 3, 2010,

> "[a] sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). Hence, a § 3582(c) sentence modification, whether granted or denied, does not restart the § 2255(f)(1) limitations period. 18 U.S.C. § 3582(b) (notwithstanding the fact that a sentence may be subject to modification under 3582(c)(2), "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes"); United States v. Dixon, 2009 WL 1559947 at *3 (E.D.Pa. June 3, 2009) ("a motion under § 3582(c)(2) does not affect the finality

---

[2] No other starting date described in that statute appears to be applicable.

[3] As discussed below, Preyear asserts that his attorney told him that he would file a Petition for Writ of Certiorari, but failed to do so. However, that alleged statement does not alter the date on which the Judgment became final.

of a sentence and judgment of conviction.... 18 U.S.C. § 3582(b) makes it absolutely clear that the finality of a judgment of conviction and sentence is not affected by the possibility that the sentence might be later modified."); <u>Gomez v. United States</u>, 2009 WL 1309338 at *2 (N.D.Tex. May 11, 2009) (order reducing sentence pursuant to § 3582(c)(2) "did not alter the date on which [the] judgment of conviction became final under § 2255(f)(1)"); *cf.* <u>Peagler v. United States</u>, 2009 WL 1383325 at *2 (M.D.Ala. May 15, 2009) (applying same reasoning after grant of a Fed.R.Crim.P. 35 motion).

<u>Johnson v. U.S.</u>, 2010 WL 724096 (S.D.Ga. March 2, 2010).

Petitioner argues that the limitations period should be subject to equitable tolling under the facts of his case. He asserts that his attorney told him that he would file a petition for writ of certiorari to the Supreme Court, but never did so, and that the delay while he thought that petition was pending is sufficient to equitably toll the limitations period.

The Supreme Court has recently held that the one-year limitations period of 28 U.S.C. § 2244(d) is subject to equitable tolling. <u>Holland v. Florida</u>, ---U.S. ----, 130 S.Ct. 2549 (2010). In Holland, the Court held that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Id</u>. at ---, 130 S.Ct. at 2562 (internal quotations omitted) (*quoting* <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). In so doing, the Court reversed the Eleventh Circuit's *per se* application of its rule that attorney error, even if "grossly negligent," may never warrant equitable tolling of AEDPA's one-year limitation period.[4] <u>Holland</u>, at ---, 130 S.Ct. 2563. The Court held that "the exercise of a court's equitable powers … must be made on a case-by-case basis," <u>id</u>. (*quoting* <u>Baggett v. Bullitt</u>, 377 U.S. 360, 375

---

[4]  The Eleventh Circuit had held: "[w]e will assume that [petitioner's attorney]'s alleged conduct is negligent, even grossly negligent. But in our view, no allegation of lawyer negligence or of failure to meet a lawyer's standard of care-in the absence of an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the

(1964)), and that, while "a garden variety claim of excusable neglect … does not warrant equitable tolling," id. at ---, 130 S.Ct. at 2564 (*quoting* Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1980)), some greater level of unprofessional attorney conduct may do so under the facts of a particular case. Id. Mere attorney negligence includes such matters as an attorney's miscalculation of the limitations period. Id., at ---, 130 S.Ct. at 2564 (*citing* Lawrence v. Florida, 549 U.S. 327, 336 (2007)). Further, the Court held that a petitioner is required to exercise reasonable diligence rather than maximum feasible diligence. Id. at ---, 130 S.Ct. at 2565.

Petitioner's response lacks detail, particularly with regard to specific dates. Petitioner has thus failed to show when he learned that he had been wrong about when his 2255 motion was due. The details which are provided, however, do indicate that petitioner was not reasonably diligent once he discovered that no petition for writ of certiorari had been filed, and thus, that the limitations period for his habeas motion had already begun to run. As noted, Preyear's conviction and sentence became final on April 17, 2008. He states that, at some unspecified time, he contacted one of the inmates who assisted other inmates with legal matters and "requested advice" from him. Response (doc. 575) at 1. The inmate advised Preyear to contact his appellate counsel, Mr. Dumas, concerning the status of his certiorari petition and "advised petitioner of AEDPA's statute of limitation and immediately wrote several letters to Dumas." Id.

Petitioner has attached copies of a letter to Attorney Dumas and of a letter to the Clerk of the U.S. Supreme Court as exhibits to his response. The letters are dated April 22, 2009, and

---

lawyer's part-can rise to the level of egregious attorney misconduct that would entitle Petitioner to equitable tolling." Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008). This standard was found to be too strict.

April 28, 2009, respectively.  Contrary to petitioner's argument, however, the letter to Mr. Dumas does not mention the petition for writ of certiorari.  Regardless, he has also attached a copy of the letter he received from the Supreme Court, dated May 6, 2009, which states that no petition for writ of certiorari had been filed on his behalf.  While serious questions remain concerning Preyear's knowledge and diligence prior to that date, it is unquestionable that, within a short period of time after May 6, 2009, he was actually aware that there was no delay in the running of the limitations period due to the pendency of such a petition before the Supreme Court.

Despite this knowledge, petitioner did not complete and mail his § 2255 motion until May 21, 2010, approximately <u>one full year after learning that the time had run on April 17, 2009</u>. Once he learned that the limitations period had run, Preyear did not file his petition within a reasonable time. Presuming, without deciding, that an alleged error by Preyear's appellate counsel was sufficient to trigger equitable tolling[5], and further presuming at this stage of the proceedings that every factual assertion made by Preyear in his Response is true, a one-year delay following notice fails to satisfy the diligence requirement for equitable tolling.  *See* <u>Felton v. Florida</u>, 153 Fed.Appx. 620, 621 (11th Cir. 2005) ("Despite this notice, Felton did not file his federal habeas petition until some 147 days later. Thus, even if the court's failure to issue a mandate is deemed extraordinary (and we do not think it is), Felton's 147-day delay forecloses a finding that he exercised the required due diligence.")

---

[5] In <u>Knight v. Schofield</u>, 292 F.3d 709 (11th Cir. 2002), the Eleventh Circuit affirmed the application of equitable tolling because the petitioner did not learn of the denial of his state habeas application for eighteen months. <u>Id</u>. at 711. The court reasoned that the state court's shortcomings were "certainly beyond [the petitioner's] control," and because of his subsequent diligence, he was entitled to equitable tolling. <u>Id</u>.

Preyear also claims that some portion of his delay was excusable because it resulted from the death of the inmate who had helped him contact the Clerk of the Supreme Court. That inmate legal assistant died in July of 2009. Petitioner had no constitutional right to representation in preparing his habeas motion. *See e.g.* Coleman v. Thompson, 501 U.S. 722, 757 (1991); Saunders v. U.S., Slip Copy, 2010 WL 2180543, *5 (11th Cir. June 2, 2010). If the lack of professional legal representation does not excuse timely filing, the loss of nonprofessional assistance clearly can not do so. Regardless, the lengthy delay following actual notice of the need to file his petition can not be attributed to whatever brief lack of assistance may have resulted.

Further, given the lengthy delay and clear lack of diligence, there is no non-frivolous basis for an appeal of this ruling. Pursuant to the changes to Rule 11 of the Rules Governing Section 2255 Proceedings which became effective December 1, 2009, the court addresses the appealability of the recommended denial of plaintiff's habeas petition. "A [COA] may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004) (*quoting* Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*. An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed.R.App. P. 24(a)(3)(A); <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); <u>DeSantis v. United Techs, Corp</u>., 15 F.Supp.2d 1285, 1288-89 (M.D.Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993). For the foregoing reasons, the undersigned recommends that the court find no possible good faith basis for appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a ruling may be brought *in forma pauperis*.

Accordingly, it is hereby RECOMMENDED that petitioner's Motion to Vacate, Set Aside or Correct Sentence (doc. 569) be DISMISSED as untimely filed; that a certificate of appealability not be granted; and that any motion which petitioner may file seeking leave to appeal this ruling *in forma pauperis* be denied. **The attached sheet contains important information regarding objections to the Report and Recommendation.**

DONE this the 22nd day of September, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
## AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE