# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

JAMES PATRICK PREYEAR,     *
                                          *
     Petitioner,               *
                                          *    CIVIL ACTION NO. 13-0388-KD-B
vs.                                  *    CRIMINAL NO. 05-00267-KD-B
                                          *
UNITED STATES OF AMERICA,    *
                                          *
     Respondent.             *

### Report and Recommendation

Pending before this court is James Patrick Preyear's second petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 (Doc. 630). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S..C. § 636(b) and Rule 8 (b) of the Rules Governing Section 2255 cases. The undersigned finds that the record is adequate to dispose of this matter; thus, no evidentiary hearing is required. Upon consideration, it is recommended that Preyear's petition be dismissed, and that the Court find that Preyear is not entitled to a certificate of appealibility, and consequently, is not entitled to appeal *in forma pauperis*.

Following a trial, Preyear was convicted of conspiracy to poses with intent to distribute a controlled substance, and was sentenced to 294 months imprisonment. (Doc. 330). Preyear's conviction and sentence were affirmed on appeal. (Doc. 395). Preyear then filed his initial petition to vacate his sentence pursuant to 28 U.S.C.

§ 2255. (Doc. 569). Upon consideration of his petition, the Court determined that the petition was untimely, and as a result, dismissed the petition and entered judgment against Preyear. (Docs. 590, 591). This Court denied Preyear's request for a certificate of appealability. The Eleventh Circuit also denied the request. (Docs. 591, 598).[1]

On July 15, 2013[2], Preyear filed the instant habeas petition. Because this constitutes Preyear's second habeas petition, the Court *sua sponte* raises the issue of whether it is subject to dismissal as an unauthorized successive petition[3]. The Court observes that "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28

---

[1] Preyear also filed a motion for a reduction of his sentence pursuant to 18 USC § 3582. His request was denied on July 17, 2013. (Docs. 623, 626, 628).

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

[3] Rule 4 of the Rules Governing Section 2255 Cases provides, in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Thus, a district court has the authority under this rule to dismiss frivolous habeas petitions prior to any answer by the United States. See Acosta v. Artuz, 221 F.3d 117, 123 (2nd Cir.2000) ("[T]he authority to raise [ ] procedural defenses sua sponte is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b).").

U.S.C. § 2255(h). A petitioner must seek and obtain this certification "[b]efore a second or successive application. . is filed in the district court." 28 U.S.C. § 2244(b)(3)(A). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and he motion should be dismissed." Lazo v. United States, 314 F.3d 571, 574 (llth Cir. 2002), vacated on other grounds sub nom. Gonzalez v. Sec'y for the Dep't of Corr., 326 F.3d 1175 (llth Cir. 2003), superseding opinion, 366 F. 3d 1253 (llth Cir. 2004)(en banc); See also United States v. Holt, 417 F.3d 1172, 1175 (llth Cir, 2007)(per curiam); Allen v. United States, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. April 6, 2012).

In his petition, Preyear argues that the United States Supreme Court's recent decision in Alleyne v. United States, 570 U.S. ____, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) entitles him to relief from the sentence imposed in this case. (Doc. 630 at 2). Preyear's reliance on the Alleyne decision is misplaced because absent permission from the Eleventh Circuit authorizing Preyear to file a successive petition, this court lacks jurisdiction to address his petition. See Lazo, 314 F.3d at 574; Fredriksen v. United States, 2013 U.S. Dist. LEXIS 127458 (S.D. Ala. August 2, 2013); Allen v. United States, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. April 6, 2012). Preyear does not allege and the record does not establish that he sought and obtained

permission from the Eleventh Circuit before filing the instant successive petition; thus, this Court is required to dismiss his petition.

Accordingly, it is recommended that Preyear's petition be dismissed, and that judgment be entered in favor of the Respondent, the United States and against Petitioner James Preyear.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be DENIED. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Preyear's petition does not warrant the issuance of a Certificate of Appealability. As Preyear did not seek permission from the Eleventh Circuit before filing his successive petition, reasonable jurists could not debate whether his petition should be resolved in a different manner or deserves to proceed further. It is thus recommended that the Court deny any request for a Certificate of

Appealability be denied.

## CONCLUSION

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 630) be **DENIED**, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, James Patrick Preyear. The undersigned Magistrate Judge further opines that Preyear is not entitled to the issuance of a certificate of appealability, and therefore, should be not permitted to proceed *in forma pauperis.*

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **September, 2013.**

                                                      **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**