# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES PATRICK PREYEAR, | ) | |
|    Petitioner, | ) | |
| | ) | **CIVIL ACTION NO. 13-00388-KD-B** |
| v. | ) | |
| | ) | **CRIMINAL ACTION NO. 05-00267-KD-B** |
| UNITED STATES OF AMERICA, | ) | |
|    Respondent. | ) | |

## ORDER

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection (Doc. 633) is made, the Report and Recommendation (Doc. 632) of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated September 17, 2013, is **ADOPTED** as the opinion of this Court.

Accordingly, it is **ORDERED** that Petitioner's present Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 630) is **DISMISSED**[1] and that

---

[1]    In his objection (Doc. 633), Petitioner requests, as an alternative to dismissal, that the Court transfer his petition to the Eleventh Circuit Court of Appeals so that he may seek certification pursuant to § 2255(f). The Eleventh Circuit has noted that "[t]he Second, Sixth, and Tenth Circuits have held that [28 U.S.C. ]§ 1631 permits such transfers" of unauthorized successive habeas petitions. Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999). Though it did not explicitly reject those holdings, the Eleventh Circuit did express concern over applying them, stating that "significant issues arise as to whether the language of 28 U.S.C. § 2244(b)(3)(A) (requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court') is a jurisdictional bar mandating dismissal, or only a condition precedent." Id. It appears, then, that in the Eleventh Circuit, "when a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion." El-Amin v. United States, 172 F. App'x 942, 946 (11th Cir. 2006) (citing 28 U.S.C. § 2244(b)(2)-(3)).

    While the Court cannot and does not rule on the merits of the dismissed petition, it notes that it does not appear that Alleyne v. United States, 133 S. Ct. 2151 (2013), applies retroactively on collateral review, though the Eleventh Circuit has yet to address the issue. See, e.g., Bennett v. United States, No. CV613-083, 2013 WL 5406653, at *1 (S.D. Ga. Sept. 25, 2013) (M. Smith, M.) ("[T]he Supreme Court did *not* declare that the new rule in Alleyne is retroactive on collateral review, nor is it likely to do so. See Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (the new constitutional rule announced in Alleyne had not been made retroactively applicable on collateral review, and Alleyne is an extension of Apprendi, which itself is not retroactive); accord, In re Payne, —— F.3d ——, 2013 WL 5200425 at * 1–2

Petitioner is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*.

      **DONE** and **ORDERED** this the **4ᵗʰ** day of **October 2013.**

          /s/ Kristi K. DuBose
          **KRISTI K. DuBOSE**
          **UNITED STATES DISTRICT JUDGE**

---

(10th Cir. Sept. 17, 2013).") (report and recommendation not yet ruled on by district judge); United States v. Reyes, CRIM. A. No. 06-654-1, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013) (noting that "neither the Supreme Court nor the Third Circuit has decided whether Alleyne applies retroactively to cases on collateral review" and concluding after a thorough analysis that "Alleyne does not apply retroactively to cases on collateral review"); United States v. Kindred, No. 2:06-CR-21-KS-JMR, 2013 WL 4553012, at *1 (S.D. Miss. Aug. 28, 2013) (". . . Alleyne does not apply retroactively." (citing case)); Munguia v. United States, 1:04-CR-122, 2013 WL 5306192 (E.D. Tenn. Sept. 20, 2013) ("[T]he new rule announced in Alleyne is not retroactive and it cannot be applied retroactively to cases on collateral review under § 2255." (citing cases)).