# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES PATRICK PREYEAR ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal Action No: 05-CR-00267-KD-B |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court on Petitioner James Patrick Preyear's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (Doc. 658). For the reasons discussed below, the motion is **DISMISSED for lack of jurisdiction**.

"A second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). A petitioner must seek and obtain this certification "[b]efore a second or successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3)(A). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and he motion should be dismissed." *Lazo v. United States*, 314 F.3d 571, 574 (11th Cir. 2002), vacated on other grounds sub nom. *Gonzalez v. Sec'y for the Dep't of Corr*., 326 F.3d 1175 (11th Cir. 2003), superseding opinion, 366 F. 3d 1253 (11th Cir. 2004)(*en banc*); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2007)(*per curiam*); *Allen v. United States*, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. April 6, 2012).

Following a trial, Preyear was convicted of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and was sentenced to 281 months imprisonment. (Doc. 330). Preyear's conviction and sentence were affirmed on appeal. (Doc. 395). Preyear then filed his initial petition to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 569). Upon consideration

of his petition, the Court determined that the petition was untimely, and as a result, dismissed the petition and entered judgment against Preyear. (Docs. 590, 591). This Court denied Preyear's request for a certificate of appealability. The Eleventh Circuit also denied the request. (Docs. 591, 598).[1]

On July 15, 2013, Preyear filed a second habeas petition. (Doc. 630). Upon consideration, the Court determined that Preyear's petition was an unauthorized successive petition and dismissed it because Preyear failed to first seek and obtain permission from the Eleventh Circuit to file a successive petition. (Docs. 632, 634, 635).

On June 16, 2014, Preyear filed a third habeas petition, which was denied as Preyear again failed to obtain the Court of Appeals' authorization for a second or successive motion pursuant to § 2255. (Docs. 637-639). On June 18, 2016, Preyear filed the instant motion pursuant to § 2255.[2] He has not obtained authorization from the Eleventh Circuit to do so. Thus, this Court lacks jurisdiction to consider his motion. Accordingly, Preyear's motion (Doc. 658) is **DISMISSED for lack of jurisdiction**.[3]

**DONE** and **ORDERED** this **11th** day of **August 2016**.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Preyear also filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582. His request was denied on July 17, 2013. (Docs. 623, 626, 628).

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[3] As grounds for his motion, Petitioner claims that his prior conviction for second degree assault is no longer a crime of violence for purpose of enhancement under the Sentencing Guidelines and cites *Johnson v. United States*, 135 S. Ct. 2251 (2015) in support. In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Id.* at 2251, 2557-58, 2563. Preyear was convicted of violating 21 U.S.C.§ 846. The ACCA is codified at 18 U.S.C. § 924(e). "The ACCA provides a mandatory statutory minimum of fifteen years for any individual who violates 18 U.S.C. § 922(g) and has three predicate convictions 'for a violent felony or a serious drug offense, or both.'" *Cortes-Morales v. Hastings,* - - - F. 3d - - -, 2016 WL 3512410, at *1 (11th Cir. 2016). Thus, by definition, the ACCA only applies to individuals convicted of violating 18 U.S.C. § 922(g). Preyear was not sentenced pursuant to the ACCA, thus its residual clause is not implicated here. Nor was he sentenced pursuant to 18 U.S.C. § 924(c) or the Career Offender Guideline found at U.S.S.G. 4B1.1, which both contain language similar to the ACCA's residual clause. Thus, the Court does not find it would be in the interests of justice to transfer this motion to the Eleventh Circuit Court of Appeals for its determination as to whether a second or successive motion pursuant to § 2255 should be authorized. *See e.g.* 28 U.S.C. § 1631 (providing that when a civil action is filed in the wrong court, and that court finds that it lacks jurisdiction, the action may be transferred to the correct court, in the interests of justice).